J-S35006-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MIKAIL T. HANDY | : | |
| | : | |
| Appellant | : | No. 344 MDA 2022 |

Appeal from the Judgment of Sentence Entered July 6, 2020
In the Court of Common Pleas of Clinton County Criminal Division at
No(s): CP-18-CR-0000139-2020

BEFORE: BENDER, P.J.E., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.: **FILED: DECEMBER 5, 2022**

Mikail T. Handy appeals *nunc pro tunc* from the aggregate judgment of sentence of 66 to 168 months' incarceration, imposed after he pled guilty to two counts each of possession with intent to deliver (PWID) (35 P.S. § 780-113(a)(30)) and criminal use of a communication facility (CUCF) (18 Pa.C.S. § 7512(a)). Appellant solely challenges the discretionary aspects of his sentence. After careful review, we affirm.

The facts underlying Appellant's convictions are not pertinent to his present appeal. We need only note that on May 18, 2020, Appellant pled guilty to the above-stated offenses, with the agreement he would receive standard-range, minimum sentences. There was no agreement regarding whether his sentences would be imposed concurrently or consecutively. After

---

[*] Former Justice specially assigned to the Superior Court.

a pre-sentence investigation, it was determined that Appellant's standard-range, minimum term of incarceration for PWID was 21 to 27 months, and 12 to 18 months for CUCF. On July 6, 2020, the court sentenced Appellant to 21 to 60 months' incarceration for his PWID counts, and 12 to 24 months' incarceration for his CUCF offenses. The court imposed the sentences consecutively, totaling an aggregate term of 66 to 168 months' imprisonment.

Appellant did not file a timely post-sentence motion or a direct appeal. However, he filed a petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, and the court ultimately reinstated his post-sentence motion and appellate rights by order entered January 6, 2022. On January 18, 2020, Appellant filed a post-sentence motion.[1] The court issued an order denying that motion on January 20, 2022.

Appellant filed a *nunc pro tunc* notice of appeal on February 22, 2022.[2] He complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise

_____

[1] We note that the court's January 6, 2022 order provided Appellant 10 days – or until January 16, 2022 - to file his post-sentence motion *nunc pro tunc*. Because January 16, 2022, was a Sunday, and Monday, January 17, 2022, was Martin Luther King, Jr., day, we consider Appellant's post-sentence motion docketed on January 18, 2022, as being timely filed. **See** 1 Pa.C.S. § 1908 ("Whenever the last day of any [filing deadline] fall[s] on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation.").

[2] The due date of Appellant's notice of appeal was February 20, 2022, which was a Sunday. Monday, February 21, 2022, was President's Day. Thus, Appellant's February 22, 2022 notice of appeal was timely. **See** 1 Pa.C.S. § 1908.

statement of errors complained of on appeal. Therein, he preserved the following issue that he now raises on appeal:

1. Did the trial court issue a sentencing order that was cruel and excessive in sentencing [Appellant] to an aggregate [term] of … [66] … to … [168] months[' incarceration,] … when [Appellant] entered guilty pleas, took responsibility for his actions, cooperated with police, and … Appellant was given a significant additional penalty in matters that [he] was serving parole on with the State Board of Probation and Parole?

Appellant's Brief at 4 (unnecessary capitalization omitted).

Appellant's issue implicates the discretionary aspects of his sentence.

Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. *Commonwealth v. Sierra*, 752 A.2d 910, 912 (Pa. Super. 2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

We conduct a four-part analysis to determine: (1) whether [the] appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether [the] appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006)…. Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. *Commonwealth v. Mann*, 820 A.2d 788, 794 (Pa. Super. 2003)….

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *Commonwealth v. Paul*, 925 A.2d 825, 828 (Pa. Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary

- 3 -

to the fundamental norms which underlie the sentencing process."
***Sierra, supra*** at 912–13.

***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013) (quoting

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010)).

Here, Appellant's appeal was timely filed, and he preserved his sentencing issue in his post-sentence motion. He has also included a Rule 2119(f) statement in his appellate brief. Therein, he stresses that, although the court imposed standard-range terms of incarceration on each of his four counts, those sentences were imposed to run consecutively, which resulted in an excessive, aggregate term of 66 to 168 months' imprisonment. ***See*** Appellant's Brief at 7. Appellant contends that his aggregate sentence was further "aggravated by the fact that … [he] received a significant penalty by the state Board of Probation and Parole." ***Id.*** at 8. He claims that the only reason given by the court for imposing consecutive terms of incarceration was that Appellant was not entitled to receive a "volume discount" for his crimes. ***Id.*** (citing Trial Court Opinion, 4/4/22, at 4). According to Appellant, his claims constitute "substantial questions as to the appropriateness of the sentence imposed." ***Id.***

Notably, Appellant cites no case law to support his argument that he has presented a substantial question for our review. This Court has declared that "a defendant **may** raise a substantial question where he receives consecutive sentences within the guideline ranges if the case involves circumstances where the application of the guidelines would be clearly unreasonable, resulting in an excessive sentence; however, a bald claim of excessiveness

due to the consecutive nature of a sentence will not raise a substantial question." ***Commonwealth v. Dodge***, 77 A.3d 1263, 1270 (Pa. Super. 2013) (emphasis in original; citation omitted). Because Appellant cites circumstances that, in his view, make the imposition of consecutive sentences unreasonable, we will consider his claim as presenting a substantial question for our review. Thus, we will evaluate the merits of his sentencing issue, mindful that,

> [s]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Shugars***, 895 A.2d 1270, 1275 (Pa. Super. 2006).

Here, Appellant has failed to demonstrate that the trial court abused its ample sentencing discretion. First, the court had the benefit of a presentence investigation report (PSI) and, thus, "we can assume the sentencing court was aware of relevant information regarding [Appellant's] character and weighed those considerations along with mitigating statutory factors." ***Commonwealth v. Moury***, 992 A.2d 162, 171 (Pa. Super. 2010) (citations omitted). Additionally, the court imposed sentences at the low end of the standard guideline range; consequently, "Pennsylvania law views the sentence as appropriate under the Sentencing Code." ***Id.*** (citation omitted).

Moreover, our review of the sentencing hearing reveals that the court did not premise its imposition of consecutive sentences solely on the basis that Appellant was not entitled to a "volume discount" for his offenses. Instead, at the sentencing hearing, the Commonwealth stressed that Appellant has "had at least four state prison sentences dating back to 2003." N.T. Sentencing, 6/6/20, at 3. Additionally, it noted that Appellant has "received several concurrent sentences instead of consecutive" in the past, yet it "appears as though … [he] is determined to continue this type of behavior … once he's released from prison." *Id.* at 4. Accordingly, the Commonwealth asked for consecutive sentences "at the bottom of the standard range for all offenses." *Id.*

While defense counsel stressed that Appellant took responsibility for his actions by pleading guilty, and Appellant also reiterated that fact during his allocution to the court, the court ultimately concluded that the circumstances warranted consecutive sentences. *Id.* at 5. It explained that it had reviewed the PSI, "listened to the comments" at the hearing, and "reviewed [Appellant's] statement, which [was] included in the [PSI]." *Id.* at 6. The court noted that Appellant was 45 years' old, married, and had "five children ranging in ages from 29 to [5] years of age." *Id.* Although Appellant had graduated from high school and been employed, each job he had held had been lost due to his being incarcerated at various points in his life. *Id.* The court observed that Appellant "is certainly remorseful for what has occurred" and that he was "ashamed of his actions." *Id.* However, the court stressed

that Appellant has "an extensive prior record" beginning in 1992, which included a firearm offense and another conviction for selling drugs. *Id.* at 6-7. The court noted that the PSI recommended a sentence of 66 to 168 months' incarceration, and it agreed that "any lesser sentence would depreciate the seriousness of the crimes charged." *Id.* at 7. Accordingly, the court imposed consecutive, standard-range sentences totaling the recommended term of incarceration.

We discern no abuse of discretion in the court's decision. Contrary to Appellant's argument on appeal, it is clear the court considered his cooperation, expressions of remorse, and the "conciliatory manner in which [he] conducted himself throughout the pendency of this matter." Appellant's Brief at 9. However, the court decided to impose consecutive sentences based on the recommendation of the Commonwealth and the PSI, Appellant's lengthy criminal history, the seriousness of his offenses, and his apparent inability to rehabilitate, despite being given more lenient, concurrent sentences in the past. Additionally, while Appellant complains that the court failed to "take into account … that … [he] would receive a significant penalty from the Board of Probation and Parole" in another, unrelated case, Appellant did not notify the court at the sentencing proceeding that he faced the revocation of his parole and resentencing in another, unrelated case. Appellant's Brief at 9. He also did not argue that the trial court should consider his potential parole-revocation sentence in fashioning his instant term of imprisonment, and he cites no legal authority to support this position on

appeal. Thus, Appellant's argument does not demonstrate that the court abused its discretion in imposing standard-range, consecutive sentences in this case.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/05/2022